[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10168
Non-Argument Calendar
_____

Agency No. A094-095-208


VICTOR MANUEL VILLEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 30, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Victor Manuel Villeda, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) finding of ineligibility for special rule cancellation of removal under Section 203 of the Nicaraguan and Central American Relief Act (NACARA), Pub. L. No. 105-100, 110 Stat. 2160 (1997), *as amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997).  Villeda previously pled *nolo contendere* in Florida state court to willfully failing to stop and remain at the scene of an accident involving death under § 316.027(1)(b) of the Florida Statutes.  Using the modified categorical approach, the BIA determined this conviction constituted a crime involving moral turpitude, and that Villeda was ineligible for relief under NACARA because he had not established a continuous period of at least ten years of residence following his conviction.  Villeda argues before this Court that the BIA considered portions of the record relying on impermissible evidence to determine that his conviction qualified as a crime involving moral turpitude.[1]

We review only the BIA's decision, except to the extent it expressly adopts the IJ's opinion.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, because the BIA issued its own decision, we review the BIA's decision.  *See*

---

[1] Villeda also contends the term "crime involving moral turpitude" is vague and lacks clarity, and we should conclude it is void as applied to § 316.027(1)(b).  This argument is without merit.  *See, e.g.*, *Jordan v. De George*, 341 U.S. 223, 229-30 (1951) (noting that the phrase "crime involving moral turpitude" has "been part of the immigration laws for more than sixty years" and "used for many years as a criterion in a variety of other statutes," and "[n]o case has been decided holding that the phrase is vague").

*id.* We review the BIA's legal determinations *de novo*, *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011), but give deference to the BIA's interpretation of the statutes it administers, *De la Rosa v. U.S. Att'y Gen.*, 579 F.3d 1327, 1335 (11th Cir. 2009).

Although "moral turpitude" is not defined by the immigration statute, this Court has recognized that it involves "[a]n act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." *Itani v. Ashcroft*, 298 F.3d 1213, 1215 (11th Cir. 2002). We use the categorical approach to determine whether a particular offense constitutes a crime involving moral turpitude. *Fajardo v. U.S. Att'y Gen.*, 659 F.3d 1303, 1305 (11th Cir. 2011). However, if the statutory language "encompasses some conduct that categorically would be grounds for removal as well as other conduct that would not," then adjudicators may use the modified categorical approach and look at "the record of conviction—i.e., the charging document, plea, verdict, and sentence." *Id.*

Under § 316.027(1)(b) of the Florida Statutes, a driver of a vehicle involved in an accident that results in the death of any person must immediately stop at the scene and remain at the scene until he has fulfilled the requirements of § 316.062, which requires, *inter alia*, the driver of the vehicle to provide certain information

3

and render "reasonable assistance" to any person injured in the crash.  Fla. Stat. § 316.062(1).

The parties agree that the BIA properly determined that the statute is divisible, such that use of the modified categorical approach was appropriate.  In finding that Villeda was convicted of a crime involving moral turpitude, the BIA relied on the charging document, which stated that Villeda "unlawfully and willfully fail[ed] to stop the vehicle at the scene of said crash . . . and remain at the scene of the crash until fulfilling the requirements of Section 316.062, said crash resulting in the death of [the victim] contrary to Section 316.027(1)(b)."  The BIA's reliance on the charging document was proper under the modified categorical approach, *Fajardo*, 659 F.3d at 1305, and, contrary to Villeda's assertion, the BIA's determination was not affected by his arrest report or any other impermissible evidence.  Based on the record of conviction, we agree with the BIA's conclusion that Villeda's willful failure to stop and remain at the scene of the deadly crash was inherently base, vile, or depraved, and "contrary to the accepted and customary rule of right and duty between man and man."  *Itani*, 298 F.3d at 1215.  And, because Villeda could not establish ten years of continuous physical presence in the United States following the conviction, the BIA did not err by finding him ineligible for special rule cancellation of removal.

**PETITION DENIED.**

4